IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KAIWA KAAI NAHOOIKAIKA, ET AL., | CIVIL NO. 15-00210 DKW-KSC |
| Plaintiffs, | ORDER DISMISSING COMPLAINT WITH PREJUDICE |
| vs. | |
| MARCE K. MOSSMAN, et al., | |
| Defendants. | |

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

Plaintiffs Kaiwa Kaai Nahooikaika and Tanelle Kahealani Costa, proceeding pro se, have filed this civil action against various governmental agencies and individuals. However, beyond their demand for $100,000,000 in damages, Plaintiffs' claims are barely discernible. The largely incomprehensible complaint lists over twenty defendants, including several state agencies, judges and attorneys employed by the state, private individuals, and what appear to be national banking institutions. Because this action is wholly frivolous and Plaintiffs do not state a

1

claim against any defendant, the Court DISMISSES the complaint with prejudice for failure to comply with Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

Rule 8 mandates that a complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "[E]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id*. at 679.

Because Plaintiffs are proceeding pro se, the Court liberally construes their pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaints deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The complaint consists of three documents: (1) a two-page caption entitled, "Violating Our Human Rights Under UCC1-308.4 Forcefully kidnapping Our Assets (Children), Child Welfare Services Hilo, HI. Perjury and Fraud (Marce K. Mossman);" (2) a summons; and (3) a 27-page, single-spaced document that consists of difficult-to-decipher statements relating to the sovereign Kingdom of Hawaii. Although not entirely legible and far from clear, this lawsuit appears to arise out of Plaintiffs' dissatisfaction with child welfare proceedings in Hawaiʻi state court.[1]

---

[1] Among other things, the identities and roles of the parties that Plaintiffs intended to sue are not clear from the face of the complaint. Based upon the motions filed by the State Defendants, the

Plaintiffs do not identify in any coherent or organized manner the separate causes of action that they assert, nor provide specific factual allegations to support their conclusions.   Rather, the complaint is largely comprised of long, unintelligible sentences containing mixed statements of law and fact, and numerous unrelated and unsubstantiated conclusions.   Even applying the most liberal pleading standard, the Court cannot discern from the complaint the conduct on which any claim is based, other than Plaintiffs' vague grievances relating to some unspecified conduct.

Beyond their unintelligibility, Plaintiffs' allegations are frivolous for several reasons.   First, all claims for damages against the State Defendants (the State, state agencies or departments, and state officials acting in their official capacities) are barred by the Eleventh Amendment.   *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky* v. Graham, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F.Supp. 1095,

---

Court is aware that the Honorable Lloyd Van De Car and the Honorable Henry T. Nakamoto are Family Court judges in the Third Circuit on the Island of Hawaii, and Marlene Kalua, is a court clerk in the Third Circuit.   Defendants Maree K. Mossman, Roselyn Viernes, Wendy Robinson and Karlan Osorio are employed by the State of Hawaii and work for the Department of Human Services.   Plaintiffs also appear to name Attorney General Douglas S. Chin, Deputy Attorneys General Diana M. Mellon-Lacey, Sandra L. S. Freitas, Brent K. Osterstock and Adriel C. S. Menor.

1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity). Thus, Eleventh Amendment immunity bars Plaintiffs' claims for damages against the State Defendants.

Second, all of the claims against the individual capacity defendants are barred as a matter of law by various immunity doctrines. The claims against the state court judges for conduct undertaken in their judicial capacities are barred by the doctrine of absolute judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."). The claims against the state court clerk are barred by the doctrine of absolute quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987) (explaining that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the

judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986). The claims asserted against the state attorneys in their individual capacities are barred by the doctrine of absolute prosecutorial immunity. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, and suppressed material evidence at trial); *Ashelman v. Pope*, 793 F .2d 1072, 1078 (9th Cir. 1986) (holding that an alleged conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding does not pierce absolute prosecutorial immunity). Finally, the claims against employees of the Child Welfare Services Branch of the Department of Human Services are barred by quasi-prosecutorial immunity. *See* Haw. Rev. Stat. § 350-3(a); *Beltran v. Santa Clara County*, 513 F.3d 906, 908 (9th Cir. 2008) (holding that social workers have immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents); *Williamson v. Basco*, 2007 WL 4570496, at *6 (D. Haw. Dec. 31, 2007) (holding that defendant was entitled to immunity pursuant to HRS § 350-3 where claims arose out of the performance of defendant's duties as a Child Protective Services employee). Accordingly, all of the identified defendants are immune from suit.

Third, to the extent Plaintiffs' claims relate to actions that culminated in the termination of Nahooikaika's parental rights by the Family Court for the State of Hawaii, those claims are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Because Plaintiffs appear to be challenging a state-court decision regarding child custody, any such challenge must be made through the state-court appellate process. Plaintiffs may not appeal that state-court decision to this court.

Finally, setting aside Plaintiffs' meritless assertion of admiralty jurisdiction

and "U.S. Vessels,"[2] and vague references to courts of bankruptcy ("all courts in America are bankrupt"), there is no other asserted basis for this Court's jurisdiction, nor can the Court discern any.   A complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process.   *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

On the basis of the foregoing, the Court DISMISSES the Complaint pursuant to Rule 8, Rule 12(b)(1), and Rule 12(b)(6) as legally frivolous and failing to confer jurisdiction on this Court.   *See Franklin*, 745 F.2d at 1227 n.6.   Although the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *see Lucas*, 66 F.3d at 248,

---

[2]"Admiralty jurisdiction exists only if the complained of incident "occurred on navigable waters or is substantially related to traditional maritime activity."   *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533 (1995).   There is no allegation of any maritime activities, no allegation of any incident occurring on the navigable waters of the United States, and no suggestion that any maritime vessel is implicated.   As such, the Court finds that Plaintiffs' claims do not invoke this Court's admiralty jurisdiction.

there is no amendment that can save this Complaint. Accordingly, this dismissal is without leave to amend.

## **CONCLUSION**

For the reasons stated above, the Court DISMISSES the Complaint with prejudice. The Office of the Clerk is directed to close the case file.

IT IS SO ORDERED.

DATED:  September 30, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Kaiwa Nahooikaika et al v. Marce Mossman, et al.; Civil No. 15-00210 DKW-KSC; ORDER DISMISSING COMPLAINT WITH PREJUDICE